*307
 
 Williams, J.,
 

 dissenting. The court charged the jury that in determining the compensation to be paid for the property taken, the jury should determine the fair, reasonable market value of the Whole farm less “the fair reasonable value of the leasehold interest, which the property owners have retained.” And again in the general charge the court told the jury to take the fair and reasonable market value of the farm — “deducting therefrom the present worth value of the leasehold interest held by the owners themselves.” The property was condemned subject to the lessees’ rights and subject to the right of the lessors' to the royalties. In other words the lessees’ rig*hts under the lease and lessors’ right to the royalties were not appropriated.
 

 The owners of the farm are Cullen T. Funk and Albertha Funk, the defendants. The owners’ interest remaining after the property was condemned would be the right to the royalties payable by the lessees. The charge as given did not make it clear to the jury that from the fair and reasonable value of the whole farm there should be deducted the value of the interest retained by the owners and also the value of the interest of the lessees' under the lease. The general charge was therefore misleading and prejudicial.
 

 Perhaps the confusion caused by the charge led to the verdict of $32,500. At first blush it would seem that the gravel deposits on the land would warrant a larger verdict than if the property taken were a mere dairy farm. But let us see. The farm contains 51.37 acres and under the lease the gravel may be taken out on twenty-five acres. If the gravel is really valuable, the lessees will take out the gravel to the limit, and at the end of lessees’ term twenty-five acres of the farm will be riddled by gravel pits and the person who owns the farm at.the end of the period will find himself with dairy equipment for a farm of the original size and only 26.37 acres' of good land with which to operate.
 
 *308
 
 On the other hand if the gravel is not in reality valuable, the value of the land is not materially enhanced by the gravel deposits. Therefore the conclusion is warranted that the verdict is so excessive as to show it was rendered under the influence of passion or prejudice.
 

 Zimmerman, J., concurs in the foregoing dissenting opinion.